UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | Cause No. | 1:14-CR-22-HAB |
| | ) | | 1:20-CV-351-HAB |
| MARTIN GONZALEZ MEDINA | ) | | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 65) (the "Motion"), filed on October 26, 2020. The Government filed its Response (ECF No. 67) on December 21, 2020. Defendant has not filed a reply, despite being given the opportunity to do so. This matter is now ripe for review.

**A.    Factual and Procedural Background**

On May 29, 2014, Defendant was indicted on a single count of possessing with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1). Defendant pleaded guilty and was sentenced on March 10, 2015, to a term of 108 months' imprisonment with four years of supervised release to follow. No direct appeal was taken.

Some four years after his sentencing, Defendant filed a "motion for modification" on October 6, 2020. (ECF No. 62). Noting the implications of filing a motion under 28 U.S.C. § 2255, the Court ordered Defendant to either withdraw the motion or complete a § 2255 form listing all possible claims for relief. (ECF No. 63). Defendant complied with the Court's direction by filing the Motion. In the Motion, Defendant asserts that he received ineffective assistance of counsel during plea negotiations, among other claims.

**B.    Analysis**

Section 2255 allows a person convicted of a federal crime to seek to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is of jurisdictional or constitutional magnitude, or where there has been an error of law that "constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation omitted). Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy to a person who has already had an opportunity of full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006).

A motion filed under 28 U.S.C. § 2255 is subject to a one-year limitations period that runs from:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Accordingly, a defendant seeking collateral review under § 2255 will have one year from the date on which his judgment of conviction is final to file his petition, *id.* § 2255(f)(1); *see also Dodd v. United States*, 545 U.S. 353, 357 (2005), or one year from three limited, alternative circumstances, *id.* § 2255(f)(2)–(4). Where, as here, no direct appeal is taken, the judgment becomes final when the notice of appeal was to have been filed; that is, fourteen days after sentencing. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013).

Unquestionably, the Motion fails to comply with the limitations period set forth in § 2255. The one-year anniversary of Defendant's judgment of conviction becoming final was March 24, 2016. The Motion was not filed for more than four years after that date. If the Motion can be considered at all, then, Defendant must demonstrate some exception to the limitations period.

Equitable tolling is a basis on which a § 2255 movant can "avoid the bar of the statute of limitations." *Clarke*, 703 F.3d at 1101. "[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). To qualify for equitable tolling, a petitioner must show: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Boulb v. United States*, 818 F.3d 334, 339–40 (7th Cir. 2016). Because a movant's diligence is "best evaluated in light of th[e] broader picture" of the conditions he faced, the equitable tolling analysis begins with the extraordinary circumstances element. *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014); *see also Mayberry v. Dittmann*, 904 F.3d 525, 530 (7th Cir. 2018). "'Extraordinary circumstances' are present only when an 'external obstacle' beyond the party's control 'stood in [its] way' and caused the delay." *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017) (quoting *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016)).

The only evidence before the Court speaking to timeliness is in the Motion itself. Explaining why the Motion should not be barred by the limitations period, Defendant wrote:

> Because defendant was ineffectively assited by his only one counsel and clearly did not know what his rights of appeals were, he did not acted upon them. Defendant ended up signing a plea that included a waive of appeal, recently explained to defendant while in prison, and not entirely understood by then, for what defendant expressly request that this shall not be strictly be considered as such.

(ECF No. 65 at 11) (all sic). The Court understands Defendant to be arguing that he only recently became aware of the bases upon which the Motion is based.

As the Government points out, Defendant has not claimed any extraordinary circumstance that was outside his control for the past five years. Abandonment by counsel, an inability to access vital papers, or a severe mental impairment are all potentially extenuating circumstances. *See Lou v. United States*, No. 19 CV 3189, 2020 WL 3960437 (N.D. Ill. July 13, 2020) (citing authorities). Ignorance of proper legal procedures is not. *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006). While it may very well be true that Defendant only recently discovered the claims presented in the Motion, that cannot form the basis for a finding of extraordinary circumstances.

Further, to the extent that Defendant is asserting recent discovery, this argument implicates the due diligence analysis. To establish diligent pursuit, a defendant must "demonstrate that he was reasonably diligent in pursuing his rights throughout the limitations period and until he finally filed his untimely" motion to vacate. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). To do so, the defendant must do more than simply show that he intended to preserve his rights, he must take actual steps to vindicate them. *Mayberry,* 904 F.3d at 531 (7th Cir. 2018). Defendant has submitted nothing and made no arguments from which the Court could conclude that he made any diligent attempts to pursue his rights.

Simply put, there are no grounds for equitable tolling; there is no evidence that the Defendant has been pursuing his rights diligently, nor has he cited to "extraordinary circumstances" that stood in the way of a timely filing. "[E]quitable tolling is rarely granted," *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006), and this case does not provide a sufficient basis for the Court to do so.  Accordingly, the Motion is DENIED as untimely.

4

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

No reasonable jurist could conclude that the Motion is timely. As discussed above, Defendant has no way around the statute of limitations, and he has not presented any extraordinary circumstances justifying equitable relief. The Court will not issue Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 65) and DECLINES to issue a certificate of appealability.

SO ORDERED on February 3, 2021.

                                             s/ *Holly A. Brady*
                                             JUDGE HOLLY A. BRADY
                                             UNITED STATES DISTRICT COURT